# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

# Minute Entry

## *Hearing Information:*

|  |  |
|---|---|
| **Debtor:** | GRANT COUNTY EXCAVATION, INC. |
| **Case Number:** | 4:13-BK-19613-SHG  **Chapter:** 11 |
| **Date / Time / Room:** | TUESDAY, FEBRUARY 10, 2015 02:30 PM   COURTROOM 206 |
| **Bankruptcy Judge:** | SCOTT H. GAN |
| **Courtroom Clerk:** | TERESA MATTINGLY |
| **Reporter / ECR:** | ALICIA JOHNS |

## *Matters:*

1) CONTINUED HEARING ON MOTION TO DETERMINE (ESTIMATE) UNLIQUIDATED CLAIMS OF VICKI BENNETT, PUTATIVE CLASS MEMBERS IN BENNETT V. GRANT COUNTY EXCAVATION, DWYANE HART, AND GREG PREVOST (CLAIMS #54, 55, 56, AND 57) FILED BY ERIC OLLASON ON BEHALF OF GRANT COUNTY EXCAVATION, INC. (cont. from 12/2/14) (cont. from 1/6/15)
   **R / M #:**   165 /  0

2) ADM: 4:13-bk-19613-SHG
   CONTINUED STATUS HEARING ON MOTION FOR SANCTIONS (set at hrg. held 7/14/14) (cont. from 8/7/14) (cont. from 9/4/14) (cont. from 10/01/14) (cont. from 11/25/14)
   **R / M #:**   109 /  0

3) CONTINUED HEARING ON APPROVAL OF THE DISCLOSURE STATEMENT (set at hrg. held 11/2514)
   **R / M #:**   94 /  0

## *Appearances:*

ERIC OLLASON, ATTORNEY FOR GRANT COUNTY EXCAVATION, INC.
BRIAN RAYMENT, ATTORNEY FOR UNSECURED CREDITORS COMMITTEE

# Minute Entry

(continue)...   4:13-BK-19613-SHG          TUESDAY, FEBRUARY 10, 2015 02:30 PM

## *Proceedings:*

ITEM :1 CONTINUED HEARING ON MOTION TO DETERMINE (ESTIMATE) UNLIQUIDATED CLAIMS OF VICKI BENNETT, PUTATIVE CLASS MEMBERS IN BENNETT V. GRANT COUNTY EXCAVATION, DWYANE HART, AND GREG PREVOST (CLAIMS #54, 55, 56, AND 57) FILED BY ERIC OLLASON ON BEHALF OF GRANT COUNTY EXCAVATION, INC.

ITEM :2 CONTINUED STATUS HEARING ON MOTION FOR SANCTIONS (set at hrg. held 7/14/14) (cont. from 8/7/14) (cont. from 9/4/14) (cont. from 10/01/14) (cont. from 11/25/14)

ITEM :3 CONTINUED HEARING ON APPROVAL OF THE DISCLOSURE STATEMENT (set at hrg. held 11/2514)

The Court reviews that the parties were going to try to figure out, based on what happened in California and the claims that remain, what they want to do about the claims in regard to estimating or objecting.

Mr. Ollason explains that Stacey Spink and her husband were dismissed out as the principal of the company. The California Court would not rule on the Grant County issue because of the imposition of the stay. His plan is to file an objection to the proof of claim based on the documentation from the California litigation by Friday. This is a large claim and if they can get rid of it, it will go a long way to making the plan feasible.

The Court asks Mr. Rayment if he was trying to bring assets back in to the estate with the Motion for Sanction so that there would be sufficient assets in the debtor to pursue these claims.

Mr. Rayment responds that the adversary to recover those assets has been filed. All the defendants have joined in that case and made an appearance. Once the claim of the classes gets resolved, then a determination can be made as to whether a plan can be presented that would provide for 100% payment to the creditors and establish a creditor trust into which the assets could be placed.

The Court confirms that the debtor will file an objection to the claim that has been filed on behalf of the class. It asks who will defend the class claim.

Mr. Rayment will leave that to counsel that represents the class in California.

Mr. Ollason states that right now this is filed as a Motion to Determinate unliquidated claims but based on what the California court has found he will file an objection to the claim.

The Court discusses the process for determination of the claim.

Mr. Ollason was thinking that he would confer with Mr. Rayment and they would see what they thought would enable this court to come to a quick resolution.

The Court suggests that counsel get together to discuss how to move the case forward in a fair and equitable manner. If an objection to the claim is filed, a status hearing will be set. It also briefly addresses pursuit of the adversary claim.

Mr. Rayment has given this much thought and his suggestion is to file the objection to the claim, give notice to the claimants and their counsel and let them appear so that they can represent what they have to support the claim.

The Court reviews that the Disclosure Statement has been riding the calendar until there is a proposal regarding how to resolve this case. The Motion for Sanctions has also been outstanding and it understands there has been some production of information from the principal.

Page 2 of 3

Case 4:13-bk-19613-SHG   Doc 199   Filed 02/10/15   Entered 02/18/15 11:34:05   Desc
Main Document   Page 2 of 3                                      02/18/2015   11:33:55AM

Mr. Rayment confirms there has been some production.  They do not have all the documentation but at this time it is probably not relevant.

COURT:  THE MOTION FOR SANCTIONS WILL BE TAKEN OFF CALENDAR.   If the motion needs to be reurged, counsel will refile it.  The Court asks Mr. Ollason to consider filing a vanilla plan.

Mr. Ollason thinks the claim to be immediately addressed is the four million dollar plus claim.  He will file a vanilla plan and disclosure statement to get it confirmed and then as the proofs of claims come in, determine which are valid and which aren't.

The Court notes there is nothing in front of it regarding the Disclosure Statement.  Mr. Ollason is to file something at a later date that will place the approval of the Disclosure Statement back on calendar when appropriate.  It suggests that Mr. Ollason withdraw the Motion to Determine Unliquidated Claims and file an objection to claim for which a status hearing should be set.

Mr. Rayment has concerns about going with just a claims objection and wonders if it wouldn't be better to have the claims objection and estimation run together.

The Court agrees with a hearing on claims estimation along with the hearing on objection to claim.

Mr. Ollason asks if the objection/estimation should be done on negative notice or a hearing should be noticed up.

The Court wants the interested parties to get notice and a hearing to be set.

Mr. Rayment understands the class has not certified.  There are four claimants but there are other potential class members.

There is further discussion about how to proceed on the claims issue followed by discussion about possibly lifting the stay and letting the claim resolve itself in State Court so the parties know what they are dealing with in the bankruptcy proceeding.

Mr. Rayment doesn't want to see money that could go into paying a plan used to defend claims that could be potentially estimated in Bankruptcy Court and allow the case to move forward in a more productive manner for the unsecured creditors.

COURT:  THE HEARING ON THE ESTIMATION OF THE CLAIMS WILL BE CONTINUED AND COMBINED WITH THE HEARING ON OBJECTIONS TO CLAIMS.

The Court renders further comment about how to move forward without duplicating the process or create additional work.

COURT:   THE HEARING ON THE DISCLOSURE STATEMENT IS REMOVED FROM THE CALENDAR.  THE HEARING ON THE MOTION FOR SANCTIONS IS REMOVED FROM THE CALENDAR.  THE HEARING ON MOTION TO ESTIMATE CLAIMS WILL BE CONTINUED TO THURSDAY, MARCH 19, 2015 AT 10:00 A.M.

Mr. Ollason will notice out the hearing on March 19, 2015 along with his objection/estimation of claims.

The Court reminds counsel that March 19th will be a status hearing.  Mr. Ollason is directed to indicate in the notice that creditors are to appear or have counsel present.

The hearing is adjourned.

** SUBSEQUENTLY, THE MOTION TO DETERMINE UNLIQUIDATED CLAIMS IS WITHDRAWN (DE #198)  THE HEARING SET FOR MARCH 19, 2015 AT 10:00 A.M. REMAINS ON CALENDAR AS A STATUS HEARING.