# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ARIZONA

# Minute Entry

## *Hearing Information:*

**Debtor:** GRANT COUNTY EXCAVATION, INC.
**Case Number:** 4:13-BK-19613-SHG    **Chapter:** 11
**Date / Time / Room:** THURSDAY, MARCH 19, 2015 10:00 AM    COURTROOM 206
**Bankruptcy Judge:** SCOTT H. GAN
**Courtroom Clerk:** LUPE MARTINEZ
**Reporter / ECR:** ALICIA JOHNS

## *Matter:*

STATUS HEARING ON PENDING MATTERS (cont. from 12/2/14) (cont. from 1/6/15) (cont. from 2/10/15)

**R / M #:** 165 / 0

## *Appearances:*

ERIC OLLASON, ATTORNEY FOR GRANT COUNTY EXCAVATION, INC.
BRIAN RAYMENT, ATTORNEY FOR THE UNSECURED CREDITORS' COMMITTEE
ALAN R. SOLOT, ATTORNEY FOR JEFF SIRES, FORMER SPOUSE OF THE PRINCIPLE OF THE DEBTOR AND DEFENDANT IN THE ADVERSARY
KEVIN BLAKLEY, ATTORNEY FOR VICKI BENNETT, DWAYNE HART AND GREG PROVOST
SCOTT SCHUTZMAN, CO-COUNSEL FOR VICKI BENNET, DWAYNE HART AND GREG PROVOST, Appearing by Telephone

(continue)...   4:13-BK-19613-SHG        THURSDAY, MARCH 19, 2015 10:00 AM

## Proceedings:

THE COURT ASKS MR. BLAKLEY IF HE AND MR. SCHUTZMAN ALSO REPRESENT THE PUTATIVE CLASS.

MR. BLAKELY RESPONDS YES, ON BEHALF OF VICKI BENNET PERSONALLY AND ON BEHALF OF THE PUTATIVE CLASS IN AN ACTION FILED IN RIVERSIDE, CALIFORNIA.

THE COURT NOTES THAT THE MOTION IS TO EITHER RULE ON THE CLAIM OBJECTIONS OR TO ESTIMATE.

MR. OLLASON CONCURS AND EXPLAINS. THEY COULD NOT PROVE THE CLAIMS AGAINST JEFF SIRES OR AGAINST STACEY SPINK, THE PRINCIPLE OF THE DEBTOR, AND NOW THEY WANT ANOTHER TRY.

MR. SCHUTZMAN REPORTS THAT THERE HAS BEEN NO RULING ON THE MERITS. THE ISSUE OF THE UNPAID OVERTIME IN THOSE CLAIMS HAVE NOT BEEN DECIDED UPON, THE ONLY THING THAT WAS DECIDED WAS THE CASE AGAINST MS. SIRES THAT WENT TO TRIAL OVER FIVE YEARS. AS TO MR. SIRES, IT WAS AN ALTER-EGO CLAIM, AND THE PLAINTIFF COULD NOT PROVE ALTER-EGO. HE EXPLAINS.

MR. BLAKELY SUPPLEMENTS MR. SCHUTZMAN'S COMMENTS AS TO THE DIFFERENCES BETWEEN THE CLAIMS.

MR. RAYMENT GIVES AN UPDATE AND STATES THAT THERE IS ROUGHLY $1.5 MILLION IN CLAIMS WITH AN ADVERSARY PROCEEDING, WHICH HE BELIEVES CAN BE RESOLVED TO DEAL WITH THOSE CLAIMS. HE SUGGESTS TO DEBTOR'S COUNSEL THAT ONE WAY TO RESOLVE THIS MIGHT BE TO SEND NOTICE OUT TO EVERYONE WHO IS AN EMPLOYEE IN CALIFORNIA FROM THE BANKRUPTCY COURT, AND ASK THEM TO SUBMIT ANY CLAIM THEY MAY HAVE, AND DETERMINE THE WORLD OF CLAIMANTS THEY ARE WORKING WITH. HIS POSITION AND THE UNSECURED CREDITORS' POSITION WOULD BE THAT THEY WOULD LIKE TO SEE AT LEAST A DETERMINATION AS TO THE WORLD CLAIMANTS THEY ARE DEALING WITH BEFORE THIS COURT MAKES A DETERMINATION TO SEND THE CASE BACK TO CALIFORNIA.

THE COURT ASKS MR. OLLASON IF HE HAS ANYTHING TO ADD SINCE THIS IS HIS MOTION.

MR. OLLASON REPLIES THAT WHATEVER THE COURT WANTS TO DO IS FINE. HE BELIEVES MR. RAYMENT IS CORRECT, THAT MAYBE SENDING NOTIFICATION TO ALL 500 OR 600 POTENTIAL CLASS MEMBERS OR POTENTIAL CLAIMANTS WOULD BE THE WAY TO GO IN THIS CASE IF ANYTHING, INSTEAD OF LIFTING THE STAY. HIS CLIENT HAS JUST INFORMED HIM THAT SHE BELIEVES THEY ALREADY HAVE NOTICE OF THIS BANKRUPTCY, ALTHOUGH HE CANNOT VERIFY THAT AT THIS POINT.

COURT: IT LOOKED AT THE PAPERWORK AND IT TENDS TO AGREE WITH THE CREDITORS THAT THE TWO RULINGS THAT WERE SUBSTANTIVE, WERE BASED ON CLAIMS AGAINST THE PRINCIPLES BEING EITHER BARRED BY TIME OR THE ALTER-EGO THEORY NOT BEING SUFFICIENTLY DEVELOPED FOR THOSE CLAIMS TO GO FORWARD. THERE HAS BEEN NO DETERMINATION WITH REGARD TO THE CLAIM AGAINST THE ENTITY. IT WOULD BE CONCERNED IF THE ORANGE COUNTY CLASS ACTION WAS STILL BEING PURSUED, IF THERE WAS NOT A RIVERSIDE CASE PENDING. THE TIME ESTIMATES ARE ALWAYS A LITTLE OPTIMISTIC, BUT EVEN GIVEN THOSE CIRCUMSTANCES, CONSIDERING THAT THE NATURE OF THE CLAIMS INVOLVE CALIFORNIA LABOR LAW, VIOLATIONS OF THE CALIFORNIA LABOR STATUTES, THERE IS A PENDING ACTION THAT HAS BEEN PROCEEDING, THERE HAS BEEN LITIGATION AND DISCOVERY ALREADY CONDUCTED IN STATE COURT, THERE ARE SOME PENDING FUTURE DATES WHERE THESE MATTERS CAN BE RESOLVED, THE CLAIM OBJECTION WILL BE DENIED. IT DOES NOT BELIEVE IT WOULD BE MORE EFFICIENT FOR IT TO HAVE MR. OLLASON NOTICE 600 OR 700 PEOPLE, PROVIDE THEM THE OPPORTUNITY TO COME TO THIS COURT, AND THEN TRY TO SCHEDULE AND DETERMINE THE NATURE OF THEIR CLAIM EITHER BY ESTIMATION OR BY TRIAL, THAN IT WOULD BE TO ALLOW THE STATE COURT LITIGATION TO PROCEED TO A CONCLUSION. THAT BEING SAID, THAT IS JUST THE BASIS OF THE RULING ON THE ESTIMATION. THE MERITS HAVE NOT YET BEEN ADDRESSED OF THE MOTION FOR RELIEF FROM STAY OR THE MOTION TO ABSTAIN WHICH IS STILL PENDING. UNTIL WE HAVE EITHER A STIPULATION, THE TIME EXPIRES OR WE HAVE AN OPPOSITION, WE ARE NOT GOING TO DEAL WITH THAT TODAY. IN TERMS OF THE MOTION TO DENY THE CLAIMS ON THE BASIS OF THE CALIFORNIA RULINGS OR TO ESTIMATE, THE COURT WILL DECLINE TO ESTIMATE AND WILL CONSIDER WHETHER STAY RELIEF IS A BETTER ISSUE DOWN THE LINE, BUT IT IS NOT GOING TO SCHEDULE ESTIMATION HEARINGS AT THIS POINT. IT IS NOT GOING TO GRANT THE OBJECTIONS THAT WERE FILED. IT BELIEVES THAT IS WHAT IS ON CALENDAR FOR TODAY.

MR. BLAKLEY REPORTS THAT JUDGE HOLLOWELL HAD ENTERED AN ORDER DISALLOWING THE CLAIMS AND AFTER A HEARING, SHE RULED THAT THAT ORDER SHOULD BE SET ASIDE BUT NO ACTUAL ORDER WAS ENTERED. HE WOULD LIKE TO UPLOAD A FORM OF ORDER THAT JUST CONFIRMS JUDGE HOLLOWELL'S RULING.

THE COURT HAS NO PROBLEM WITH THAT. IT ASKS MR. SCHUTZMAN IF THERE IS ANYTHING ELSE THAT NEEDS TO BE DONE TODAY.

MR. SCHUTZMAN ANSWERS NOTHING FOR TODAY.

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ARIZONA
# Minute Entry

(continue)...   4:13-BK-19613-SHG    THURSDAY, MARCH 19, 2015 10:00 AM

MR. RAYMENT ASKS THE COURT IF IT INDICATED THAT IT MAY CONSIDER ESTIMATING CLAIMS IN THE FUTURE, OR IS IT DENYING THAT AT THIS POINT.

COURT:  IT IS DENYING IT AT THIS POINT.  ITS FEELING IS THAT ULTIMATELY STAY RELIEF OR ABSTENTION IS THE ANSWER, CONSIDERING THAT THERE IS PENDING LITIGATION THAT HAS BEEN PENDING FOR SOME PERIOD OF TIME IN CALIFORNIA.  IT WOULD BE PREMATURE FOR IT TO RULE ON THAT TODAY, SINCE IT HAS NOT BEEN BRIEFED FROM THE OTHER SIDE, AND IT DOES NOT HAVE ANY SENSE OF WHETHER THERE WILL BE AN AGREEMENT OR OPPOSITION.  AT THIS STAGE, IT IS DENYING ESTIMATION.